CLARK, Retired Circuit Judge.
This is an appeal from a conviction and sentence for the crime of selling marijuana in violation of the Alabama Uniform Controlled Substances Act (Acts 1971, No. 1407). Code of Ala.1975, § 20-2-1, et seq. The jury fixed her punishment at a fine of $10,000, and the court added imprisonment in the penitentiary for ten years, all within the limits of punishment provided by § 20-2-70. She was sentenced accordingly.
The issue presented by the plea of not guilty, as supplemented by the evidence and contention of the parties, was as to the identity of a young woman who sold marijuana to an undercover agent of the West Alabama Narcotics Squad while he was at the residence of defendant and her mother in Selma, Dallas County.
*1169 The evidence was without dispute that a sale was made by a young woman at defendant’s home. It was shown by testimony of an expert that the substance sold was marijuana.
Defendant and her mother testified. The gist of their testimony was that neither had any personal knowledge of the sale, but that defendant had a sister a few years older than she that resembled her, and the position was taken by defendant that if any such sale was made, it probably was made by defendant’s sister.
No contention is made that the evidence was not sufficient to support the verdict.
The only insistence on error is the contention that the court erroneously allowed the prosecution to obtain an admission from defendant, while cross-examining her as a witness on the trial, that she had been previously convicted of selling marijuana.
The contention as to error fails for two reasons. In the first place, there was no objection to the question that brought forth defendant’s testimony that she had been convicted for selling marijuana, as shown by the following portion of the record:
“Q And during the course of that trial [a former trial of defendant at which, according to her, she had probably seen the agent who testified he bought the marijuana from her that was the basis of the instant case], please, M’am, was the verdict rendered?
“Q Yes, M’am.
“A What do you mean?
“Q Did the jury return a verdict concerning your trial?
“A Yes, sir, they did.
“Q And what was that verdict?
“A Guilty.
“MR. THIEMONGE: Judge, we are going to object to that and move for a mistrial at this point.
“THE COURT: O. K. Overruled.
“MR. THIEMONGE: We except.
“MR. GREEN: (Continuing)
“Q Please answer.
“A I answered.
“Q I did not hear you.
“A Guilty.
“Q All right. And what was that for, please?
“A Sale of marijuana.
“Q All right.
“MR. GREEN: That’s all I have.
“MR. THIEMONGE: At this time the defense will rest.
“MR. GREEN: Nothing further, Your Honor.”
Defendant’s denial of the transaction between her and the undercover agent, which included the sweeping denial by her that there was any conversation or transaction between the two at her residence, furnished a basis for cross-examination of her as to her previous acquaintance or contacts with the agent.
In addition, we have held that selling marijuana is a crime involving moral turpitude and that a conviction thereof can be shown in cross-examination of a witness as affecting the witness’ credibility, even though it is not otherwise admissible. Gholston v. State, Ala.Cr.App., 338 So.2d 454 (1976).
We find no error in the record prejudicial to defendant. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge Leigh M. Clark, serving as a judge of this Court under provisions of § 6.10 of the New Judicial Article (Constitutional Amendment No. 328). His opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.